# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * | * |
| TERESA K. FIELDS, Executrix for the estate of JAMES T. LAWRENCE, | * * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * * * * * * * * | * |

No. 17-1056V

Special Master Christian J. Moran

Filed: August 19, 2020

Stipulation; influenza ("flu") vaccine; Guillain-Barré syndrome ("GBS").

Carol L. Gallagher, Carol L. Gallagher, Esquire LLC, Somers Point, NJ, for Petitioner;
Colleen C. Hartley, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION[1]

On August 19, 2020, the parties filed a joint stipulation concerning the petition for compensation filed by James Lawrence on August 4, 2017. Mr. Lawrence alleged that the influenza vaccine he received on December 16, 2015, which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused him to suffer from Guillain-Barré syndrome ("GBS").[2] Mr. Lawrence further alleged that he suffered the residual effects of this injury for more than six months.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

[2] Mr. Lawrence also received a pneumococcal conjugate vaccine on December 16, 2015, but did not claim any injuries from this vaccine.

Mr. Lawrence passed away on September 25, 2019.  Exhibit 16.  Teresa Fields was appointed as the executrix of Mr. Lawrence's estate and then became the petitioner of this case.  Order, issued Nov. 20, 2019 (citing exhibit 15).  Ms. Fields filed an amended petition adding a claim that Mr. Lawrence's death was caused by the vaccination at issue.  Am. Pet., filed Apr. 28, 2020.  Ms. Fields represented that there has been no prior award or settlement of a civil action for damages on Mr. Lawrence's behalf as a result Mr. Lawrence condition and/or death.

Respondent denies that the influenza vaccine caused Mr. Lawrence to suffer from GBS or any other injury or resulted in his death.

Nevertheless, the parties agree to the joint stipulation, attached hereto.  The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. **A lump sum of $255,000.00, which amount represents compensation for pain and suffering, in the form of a check payable to petitioner, as the Executrix for the Estate of Mr. Lawrence. This amount represents compensation for all damages that would be available to petitioner under 42 U.S.C. § 300aa-15(a); and**

b. **A lump sum of $61,838.11 representing reimbursement of the Commonwealth of Kentucky Medicaid lien, in the form of a check payable jointly to petitioner and**

   **Kentucky Medicaid Recovery Unit**
   **Member: James T. Lawrence**
   **Medicaid No.: 1004023556**
   **c/o DXC Technology**
   **P.O. Box 2107**
   **Louisville, Kentucky 40602**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 17-1056V according to this decision and the attached stipulation.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TERESA K. FIELDS, Executrix for the Estate of JAMES T. LAWRENCE,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 17-1056V<br>Special Master Moran<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. James T. Lawrence ("Mr. Lawrence"), now deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Mr. Lawrence's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a). On September 25, 2019, Mr. Lawrence passed away. On November 19, 2019, Teresa K. Fields, Executrix for the Estate of Mr. Lawrence was substituted as "petitioner" for Mr. Lawrence.[1]

2. Mr. Lawrence received the flu vaccine on December 16, 2015.[2]

3. The vaccine was administered within the United States.

4. Petitioner alleges that Mr. Lawrence suffered from Guillian-Barre Syndrome ("GBS")

---

[1] On April 28, 2020, petitioner filed an amended petition for vaccine compensation to include Mr. Lawrence's death as allegedly related to his receipt of the flu vaccine.

[2] Mr. Lawrence also received a pneumococcal conjugate vaccine on December 16, 2015.

-1-

from the vaccine, and that his death on September 25, 2019 was a result of his alleged injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Lawrence as a result of his alleged condition or his death.

6. Respondent denies that the flu vaccine caused Mr. Lawrence's alleged GBS, any other injury, or his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $255,000.00, which amount represents compensation for pain and suffering, in the form of a check payable to petitioner, as the Executrix for the Estate of Mr. Lawrence. This amount represents compensation for all damages that would be available to petitioner under 42 U.S.C. § 300aa-15(a); and
>
> b. A lump sum of $61,838.11 representing reimbursement of the Commonwealth of Kentucky Medicaid lien, in the form of a check payable jointly to petitioner and
>
> > Kentucky Medicaid Recovery Unit
> > Member: James T. Lawrence
> > Medicaid No.: 1004023556
> > c/o DXC Technology
> > P.O. Box 2107
> > Louisville, Kentucky 40602

This lump sum represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Kentucky may have against any individual as a result of any Medicaid payments the Commonwealth of Kentucky has made to or on behalf of Mr.

Lawrence from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about December 16, 2015, under Title XIX of the Social Security Act. Petitioner agrees to endorse this check to the Commonwealth of Kentucky.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the Estate of James T. Lawrence under the laws of the Commonwealth of Kentucky. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of the Estate of James T. Lawrence. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of

James T. Lawrence at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of James T. Lawrence upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity and as personal representative, on behalf of Mr. Lawrence's estate and his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Lawrence resulting from, or alleged to have resulted from, the flu vaccination administered on December 16, 2015, as alleged in a petition and amended petition for vaccine compensation filed on or about August 4, 2017 and April 28, 2020, respectively, in the United States Court of Federal Claims as petition No. 17-1056V, or the pneumococcal conjugate vaccine administered on or around December 16, 2015.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the items of compensation sought is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu or pneumococcal vaccine caused Mr. Lawrence's alleged GBS, any other injury, or his death.

17. All rights and obligations of petitioner in her capacity as Executrix for the Estate of James T. Lawrence shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

**PETITIONER:**

*Teresa K. Fields*

TERESA K. FIELDS,
Executrix for the Estate of
JAMES T. LAWRENCE

**ATTORNEY OF RECORD FOR PETITIONER:**

*Carol L. Gallagher*

CAROL L. GALLAGHER, ESQ.
Carol L. Gallagher, Esquire LLC
822 Shore Road
Somers Point, NJ  08244
Tel:  609-927-2726
Fax:  609-904-5023

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*Catharine E*

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*CAPT Dale Mishler, for*

TAMARA OVERBY
Acting Director, Division of
Injury Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
 and Human Services
5600 Fishers Lane
Parklawn Building, Stop-08N146B
Rockville, MD  20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Colleen C Hartley
by Catharine E*

COLLEEN C. HARTLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel:  (202) 616-3644

Dated:  8/19/20