# In the United States Court of Federal Claims

No. 17-1056V

(Filed Under Seal:  August 23, 2022)

(Reissued:  September 7, 2022)

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| **TERESA K. FIELDS, Executrix for the Estate of James T. Lawrence,** | ) ) ) ) |
| *Petitioner*, | ) ) ) |
| v. | ) ) ) |
| **SECRETARY OF HEALTH AND HUMAN SERVICES,** | ) ) ) ) |
| *Respondent.* | ) ) ) |

*Carol L. Gallagher*, Carol L. Gallagher, Esquire LLC, Somers Point, NJ, for Petitioner.

*Colleen C. Hartley*, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

**OPINION AND ORDER**[*]

***SOLOMSON*, Judge.**

Petitioner, Teresa K. Fields, acting in her position as the executrix for the estate of James T. Lawrence, once again seeks review of Special Master Christian J. Moran's award of attorneys' fees and costs.  ECF Nos. 110, 111.

To recap, on November 2, 2021, Special Master Moran granted Petitioner's motion for attorneys' fees and costs but reduced the claimed attorneys' fees by thirty percent due to the vagueness of the billing entries submitted by Petitioner's counsel.  ECF No. 93 at

---

[*] The Court initially issued this opinion under seal on August 23, 2022, in accordance with Rule 18(b) of the Vaccine Rules of the United States Court of Federal Claims, and directed the parties to propose redactions of confidential information by September 6, 2022.  ECF No. 112.  The parties did not propose any redactions.  Accordingly, the Court reissues this opinion in its original form.

3–4.[1] On November 30, 2021, Petitioner filed a motion seeking this Court's review of the Special Master's fee decision, pursuant to 42 U.S.C. § 300aa-12. ECF Nos. 95, 96. On May 10, 2022, this Court granted in part and denied in part Petitioner's motion for review, finding that the Special Master "failed to provide sufficient reasoning for his thirty percent reduction to the fee award." *Fields ex rel. Lawrence v. Sec'y of Health & Hum. Servs.*, 2022 WL 1573538, at *6 (Fed. Cl. May 10, 2022).[2] Accordingly, this Court remanded the fee matter to the Special Master "for consideration of the appropriate attorneys' fees award consistent with th[e] opinion." *Id.* at *9.

On July 27, 2022, the Special Master, on remand, issued a second fees decision. ECF No. 108; *Fields ex rel. Lawrence v. Sec'y of Health & Hum. Servs.*, 2022 WL 3569300 (Fed. Cl. Spec. Mstr. July 27, 2022). This time around, the Special Master awarded Petitioner $88,861.75 in attorneys' fees and costs — $5,519.86 more than the initial fees decision awarded, but nearly $26,000 less than Petitioner had requested.[3] ECF No. 108 at 2, 11. On August 18, 2022, Petitioner filed her second motion for review, again challenging the Special Master's decision to reduce the number of hours billed as arbitrary, capricious and an abuse of discretion. ECF No. 111 at 1. Petitioner also seeks attorneys' fees for this second motion for review. *Id.* at 18.

For the reasons explained below, the Court denies Petitioner's motion for review.

As explained in this Court's prior opinion, a special master's judgment is afforded considerable deference, which this Court will not disturb absent a finding that such judgment was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *See Fields*, 2022 WL 1573538, at *3; *Munn v. Sec'y of Dep't of Health & Hum. Servs.*, 970 F.2d 863, 870 (Fed. Cir. 1992) ("[T]he key decision maker in the first instance is the special master. The [Court of Federal Claims] owes these findings and conclusions by the special master great deference—no change may be made absent first a determination that the special master was 'arbitrary and capricious.' This is a standard well understood to be *the most deferential possible*." (emphasis added)). This go-around, it is abundantly clear that Special Master Moran invested a great deal of time and effort in carefully reviewing Petitioner's motion for attorneys' fees and costs, applied the correct legal standards in evaluating Ms. Gallagher's billing records, and reached a reasonable conclusion. Indeed, Special Master Moran provided a robust, finely-detailed explanation

---

[1] Special Master Moran also reduced Petitioner's requested attorneys' costs. ECF No. 93 at 4–5.

[2] The Court denied Petitioner's motion for review with respect to the award of attorneys' costs, finding that the Special Master acted within his discretion in reducing Petitioner's attorneys' costs. *Fields*, 2022 WL 1573538, at *8.

[3] The Special Master also awarded Petitioner $9,094.80 for work performed on the first motion for review. ECF No. 108 at 2, 11.

for his calculated fee reduction — one that is entirely consistent with this Court's prior opinion. This Court will not disturb that calculation by even a penny.

In contrast, this Court finds that Petitioner's second motion for review contains what could be fairly characterized as *ad hominem* attacks on the Special Master — something that is inconsistent with the standards of professionalism this Court expects from counsel appearing before it. If counsel for Petitioner has a problem with a particular decision, the remedy is an appeal focused on legal and factual issues, not a laundry list of general complaints about a special master. In the future, filings that contain such invective risk being stricken.

In any event, contrary to Petitioner's assertions, Special Master Moran neither "created his own interpretation of [this Court]'s opinion" nor did he "usurp[] the power" of this Court. ECF No. 111 at 6, 11. This Court did *not* "determin[e] that [P]etitioner's fees warrant only an approximate 15% reduction" or that there should be "no greater than a 15% reduction in fees."[4] ECF No. 111 at 17. Rather, this Court held that "*absen[t] . . . a more detailed explanation from the Special Master, . . .* the Special Master's thirty percent reduction of Petitioner's attorneys' fees was grossly excessive and, thus, an abuse of discretion." *Fields*, 2022 WL 1573538, at *8 (emphasis added). On remand, Special Master Moran provided detailed reasoning to support his second fees determination; thus, Special Master Moran acted well within his discretion in reducing Petitioner's attorneys' fees by 22.5%. *See* ECF No. 108 at 11.[5]

\* \* \* \*

---

[4] In noting that this Court merely "*recommended* [a] fifteen (15) % approximate reduction," ECF No. 111 at 6 (emphasis added), Petitioner implicitly acknowledges that this Court did not set any specific limits on any percentage reduction.

[5] Petitioner further contends that "Special Master Moran's decision upon remand is arbitrary, capricious and an abuse of discretion based on his own reasoning" in another decision. ECF No. 111 at 12–13; *see also id.* at 17 ("Based on the special master's own reasoning in *Lewis* [*v. Sec'y of Health & Hum. Servs.*, 2020 WL 1283461 (Fed. Cl. Feb. 20, 2020)], should not his own rationale apply to the Fields' decision? . . . Petitioner sees **no reason** why Special Master Moran deviated from his own rationale in the instant case. This difference in his reasoning in *Fields* appears arbitrary, capricious and an abuse of discretion."). Petitioner's counsel made this same argument unsuccessfully in the first motion for review, *see Fields*, 2022 WL 1573538, at *6 & n.1, and in at least one other case before the Court, *see De Souza v. Sec'y of Health & Hum. Servs.*, 141 Fed. Cl. 338, 347 (2018). As the Court noted in its prior opinion in this case, *special masters are not bound by their own decisions*. *See Fields*, 2022 WL 1573538, at *6. Petitioner's counsel's attempt to relitigate this issue is rejected.

Accordingly, the Court hereby **DENIES** Petitioner's motion for review. The Special Master's decision is **SUSTAINED**. The Court further **DENIES** Petitioner's request for attorneys' fees incurred in the preparation of the second motion for review.[6]

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Judge

---

[6] "Rather than waste the court's time and efforts, an attorney should use reasoned judgment in determining whether to . . . pursue a claim." *Murphy v. Sec'y of Dep't of Health & Hum. Servs.*, 30 Fed. Cl. 60, 62 (1993), *aff'd,* 48 F.3d 1236 (Fed. Cir. 1995). While Petitioner clearly had a reasonable basis for filing the first motion for review, the Court concludes that this second motion was patently meritless, where, as here, Special Master Moran's second fees decision was meticulously documented and well-reasoned. The Court exercises its discretion to deny fees for this unsuccessful motion. *See* 42 U.S.C. § 300aa-15(e)(1).

4